**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>          **Plaintiff,**<br><br>       **v.**<br><br>**JAMES VALENCIA, WILLIAM ANTHONY MORCIGLIO, COSME CHACON, and VIVIANA HERNANDEZ,**<br><br>          **Defendants.** | **Case Nos. 02 CR 1051-1,6,24,25**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

The Defendant, William Anthony Morciglio, joined by Defendants James Valencia, Comse Chacon and Viviana Hernandez (hereinafter, the "Defendants"), has moved to dismiss the indictment in the case for violation of the Speedy Trial Act, 18 U.S.C. § 3161 (a)(2). The government, while not conceding a violation, "out of an abundance of caution" does not oppose dismissal of the indictments against these Defendants provided the dismissal is without prejudice. The Defendants argue that the dismissal should be with prejudice. The Court grants the Motion to Dismiss the Indictments against Morciglio, Valencia, Chacon, and Hernandez but Without Prejudice.

Section 18 U.S.C. § 3161(a)(2) provides that an indictment shall be dismissed if a defendant is not brought to trial within the time limit required by Section 3161. The section further

provides that "in determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense and circumstances of the case which led to dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *See also, U.S. v. Fountain*, 840 F.2d 509, 512 (7th Cir. 1988). Thus, the Court must consider the specified factors "among others."

The seriousness of the offense here is without question: the indictment charges the defendants with a large heroin trafficking conspiracy that was international in scope. Heroin is an extremely addictive narcotic and it is obviously important to deter such conduct and to punish the individuals involved. It is obvious and the Court so finds that the seriousness of the offense in this case greatly outweighs the circumstances which led to this order of dismissal which the court now recounts.

With regard to these circumstances the Court notes that the case involved 27 co-defendants. The case was the result of a lengthy investigation conducted by the Bureau of Immigration and Customs Enforcement, and included use of cooperating individuals, numerous Title III wire taps which resulted in thousands of taped phone calls, physical surveillance and search warrants. Because of the size of the cases, the number of defendants, and the number of lawyers (almost all of whom were court appointed), the government

moved at the outset to have time excluded as a complex case under 18 U.S.C. §§ 3161(H)(8)(A) and (B)(ii).  No defendant offered an objection to the finding of complexity so the Court granted the government's motion.  There really could be no objection because with potentially 27 lawyers involved it is obvious that setting a trial date within 70 days would be a practical impossibility.  In addition, as a practical matter, where thousands of telephone calls are taped the discovery would take a large amount of time.  The government has, since the outset, been actively prosecuting the case and in trying to resolve the case without a trial or at least without a mega-trial involving a large number of defendants.  The defendants and their lawyers have been in court multiple times while the case was proceeding and to date 21 defendants have entered into plea agreements with the government and changed their pleas from not guilty to guilty.  The Court has been informed that Defendant Morciglio and his counsel have been in active negotiation with the government providing Morciglio with a draft plea agreement as late as May 30, 2006.  The Court set the case for trial to commence June 4, 2007 the date having been picked with input and agreement with Morciglio's defense counsel.  Not once has Morciglio or his counsel ever objected to the numerous exclusions of time when moved by the government during the course of this prosecution.  Not once did Morciglio demand a trial of the case.  Setting a firm trial date is difficult where experienced defense counsel has an

active trial schedule such as Morciglio's (See Defendant Morciglio's Motion of Leave to file Motion to Dismiss Indictment Instanter for Defense Counsel's Trial Schedule). Also, it is informative to note that neither Morciglio nor any of the other movants have stated any specific prejudice that they would suffer if the case was dismissed without prejudice.

The final reason why the Court believes that the seriousness of the offense outweighs the circumstances of the violation is that the failure to move to exclude time was obviously an oversight. The record shows that on each occasion that the government moved to exclude time, both before and after the alleged speedy trial violation, the Court granted the motion without any objection on the part of any Defendant including the four movants. In fact, on January 16, 2007, the court set the case for jury trial to commence on June 4, 2007 without any objection to the setting of the trial date or to the motion to exclude time that was granted at the same time.

The final factor is that Section 3161(a)(2) specifically requires the Court to consider in determining whether to dismiss with or without prejudice is "the impact on the administration of this chapter and on the administration of justice." In making this determination the Court once again considers that the Defendants have not alleged any specific prejudice with respect to a later trial. In fact, one of the Defendant-Movants, James Valencia, had

requested that his decision to plead guilty be postponed until the United States Supreme Court decides the case of *Santos v. U.S.*, 461 F.3d 886 (7th Cir. 2006, *cert. granted,* 127 S.Ct. 2098 (April 23, 2007) which involved money laundering. A later trial date for all remaining Defendants will be beneficial because the Court will have the money laundering issues clarified. Therefore, the Court finds that administration of justice and this chapter will not be impacted by a dismissal without prejudice.

Since the Court has found that the seriousness of the offense greatly outweighs the circumstances leading to the violation of the Speedy Trial Act, and the administration of justice will not be harmed, the Court dismisses the indictments without prejudice.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Dated: 8/17/2007